DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THE BANK OF NOVA SCOTIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2017-51 |
| ) | |
| PAUL MAYNARD, PATRICIA MAYNARD, ) | |
| ) | |
| Defendants. ) | |

**APPEARANCES:**

**Matthew Reinhardt**
ALAW
St. Thomas, U.S.V.I.
   *For The Bank of Nova Scotia.*

### JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of The Bank of Nova Scotia for default judgment against Paul Maynard and Patricia Maynard.

### I. FACTUAL AND PROCEDURAL HISTORY

Having reviewed the record, the Court makes the following findings of fact:

1. Paul Maynard and Patricia Maynard (collectively, the "Maynards") are the record owners of properties described as

   Parcel No. 2Y-11 Estate Nazareth, St. Thomas,
   U.S. Virgin Islands

and

>   Parcel No. 2Y-12A Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, U.S. Virgin Islands, consisting of thirty-eight square feet, more or less, as more particularly shown on P.W.D. No. D9-2980-T85 dated February 22, 1988.

(the "Properties"). ECF No. 30, Exh. 4 at 1, 6.

2. Paul Maynard is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

3. Patricia Maynard is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

4. On or about October 10, 2008, the Maynards borrowed $400,000 from The Bank of Nova Scotia ("BNS").

5. On October 10, 2008, the Maynards executed and delivered a promissory note (the "Note") to BNS in which they promised to pay BNS the principal sum of $400,000, plus interest at a rate of 5.55% per annum in monthly payments.

6. The Note provides that it will be become due and payable in its entirety without notice by reason of default in the payment of interest or principal.

7. On October 10, 2008, the Maynards delivered to BNS a real estate mortgage (the "Mortgage") encumbering the Properties. The Mortgage is attached to the Properties.

       The Mortgage's terms give BNS the right to foreclose on the Properties in the event of a default on the Note.

8. On December 10, 2008, the Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2008010138.

9. On April 20, 2016, the Maynards delivered to BNS a Loan Modification Agreement in which they promised to pay the unpaid principal balance of $367,710.44, plus interest at a rate of 5.5% per anum in monthly payments.

10. On December 14, 2016, the Loan Modification Agreement was recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2016008673

11. On or about January 10, 2017, the Maynards failed to pay a monthly installment on the Note when it became due. The Maynards have failed to pay all subsequent monthly payments

12. On March 27, 2017, BNS gave the Maynards written notice of the default on the Note. BNS advised the Maynards that failure to cure the default would result in acceleration and foreclosure.

13. The Maynards have not cured their default and made the required payment of principal and interest as required by

    the Note and Mortgage. As a result, BNS accelerated the payment on the Note.

14. BNS initiated this action against the Maynards to enforce the terms and conditions of the Note and Mortgage.

15. On August 24, 2017, BNS served Paul Maynard by personally delivering to him a summons and copy of the complaint.

16. On August 24, 2017, BNS served Patricia Maynard by leaving a summons and a copy of the complaint with Paul Maynard, an adult that resided at Patricia Maynard's home.

17. The Maynards have not filed an answer to BNS's complaint or otherwise appeared in this action. On June 7, 2018, the Clerk of Court entered default against the Maynards.

18. The Maynards are in default on the Note. As of July 1, 2018, The Maynards are in debt to BNS in the principal amount of $364,854.03; plus interest on the Note in the amount of $31,255.03; insurance and tax advances of $4,360.26; and a recoverable balance of $9,088.32. The total amount of the Maynards' indebtedness to BNS is $409,557.64.

## II. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v.*

*V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### III. ANALYSIS

To prevail on a debt and foreclosure claim, the plaintiff must show that: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The

facts found by the Court establish each of the elements for a debt and foreclosure claim.

The premises considered, it is hereby

**ORDERED** that BNS's motion for default judgment docketed at ECF Number 30 is **GRANTED**; it is further

**ORDERED** that BNS shall recover from the Maynards the principal amount of $364,854.03; plus interest on the Note in the amount of $31,255.03; insurance and tax advances of $4,360.26; and a recoverable balance of $9,088.32. Interest continues to accrue on the principal at rate of $54.97 per day from July 1, 2018, until the date of judgment; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the Mortgage, and any liens on any of the Properties subsequent to the recording of the Mortgage are hereby foreclosed; it is further

**ORDERED** that each of the Properties shall be sold by the United States Marshal according to law and the proceeds of each sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code,

and then toward satisfaction of this Judgment in favor of BNS, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by BNS for insurance premiums, taxes, and expenditures necessary to maintain the Properties pending sale with interest from the date of any such payment. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; it is further

    **ORDERED** that

    1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe each of the Properties as set out above and shall contain the terms and conditions of sale as set out herein.

    2. The terms and conditions of the sale shall be as follows:

    a. The Properties shall each be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

    b. BNS may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

    c. The terms of the sale as to all other persons or parties bidding shall be cash.

    d. The successful bidder on each of the Properties shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Properties; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Properties.

    e. The United States Marshal shall make his report of the sale of each of the Properties within ten days from the date of the sale.

3. BNS shall have any and all writs necessary to execute the terms of this Judgment.

    4. The Maynards shall be liable to BNS for any deficiency remaining after the sale of each of the Properties; it is further

    **ORDERED** that the trial setting in this matter is **VACATED;** it is further

    **ORDERED** that all pending motions are **MOOT;** and it is further

    **ORDERED** that the Clerk of Court shall **CLOSE** this case.


                             S\_____
                              **Curtis V. Gómez**
                              **District Judge**