## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **ORIENTAL BANK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:17-cv-0051 |
| ) | |
| **PAUL MAYNARD a/k/a/ PAUL V. MAYNARD,** ) | |
| **PATRICIA MAYNARD, and ABDALLA HOSSAM,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

**BEFORE THE COURT** is Defendant Patricia Maynard's ("Patricia") Corrected Motion to Stay. (ECF No. 57.)[1] In her motion, Maynard requests that the Court stay the sale of Parcels Nos. 2Y-11 and 2Y-12A Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, VI, currently scheduled for Thursday October 21, 2021. The basis for the stay is the same as Maynard's pending Motion to Reopen Case (ECF No. 50): specifically, that Patricia Maynard was never served properly prior to the entry of default in this matter, and that Plaintiff Oriental Bank failed to mediate as required by Virgin Islands law.[2]

"At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security. Fed. R. Civ. P. 62(b). As stated by the Supreme Court, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for

---

[1] Because this motion was filed on October 20, 2021, to stay a sale scheduled for October 21, 2021, Plaintiff has not had the opportunity to file its opposition. However, the Court reserves the right to rule on a motion without a response or reply when it deems appropriate. *See* LRCi 7.1(e)(3) ("Nothing herein shall prohibit the Court from ruling without a response or reply when deemed appropriate.").

[2] Curiously, counsel for Patricia Maynard filed the Motion to Reopen Case on behalf of "Defendants, Patricia Maynard, Paul Maynard a/k/a/ Paul V. Maynard, by and through undersigned counsel," (ECF No. 50, at 1), yet attached a death certificate (ECF No. 50-1) and the affidavit of Patricia Maynard stating that she is the widow of Paul Maynard (ECF No. 50-2.) This follows Attorney Rivers' Notice of Appearance on behalf of only Patricia Maynard. (ECF No. 49.) The Court questions what, if any, authority Attorney Rivers has to represent a decedent, particularly one who, it appears, never sought his representation while alive. The Court will certainly address this issue, and the ethical ramifications thereof, at a later time.

*Oriental v. Maynard, et al.*
Case No. 3:17-cv-0051
Order
Page 2 of 3

the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). These interests include: "(1) Whether the applicant has made a strong showing that he is likely to prevail on the merits of the appeal; (2) Whether the applicant will be irreparably harmed absent a stay; (3) Whether the issuance of a stay would substantially harm other parties in the litigation; and (4) the public interest."[3] *Hilton v. Braumkill*, 481 U.S. 770, 776 (1987); *Republic of Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). The four factors are not designed to serve as a rigid formula. *Id.* Rather, the issuance of a stay should be analyzed on a case-by-case basis by examining the particular facts of the case presented and balancing the different factors. *Hilton*, 481 U.S. at 777.

As to the first factor, Maynard has demonstrated that she is likely to succeed, at least in setting aside default in this matter. It appears that service on Patricia Maynard was made by serving her spouse, Paul Maynard, in Frenchman's Bay, St. Thomas on August 24, 2017. (ECF No. 8-1.) However, Maynard's affidavit indicates that she and her husband were separated from 2016 to early 2019. (ECF No. 50-2.) Thus, it appears, at this stage, that proper service was not made on Patricia Maynard, rendering the entry of default and subsequent default judgment improper. While there remain outstanding questions as to whether Maynard will succeed on the merits of the underlying foreclosure action, these facts indicate that, at the very least, the foreclosure sale should be stayed pending resolution of these issues.

As to the second factor, Maynard would be irreparably harmed by the sale of her property, particularly if either she were to succeed on the merits of the foreclosure action, which she was apparently never served with, or if some fruitful resolution were to come out of mediation. To the contrary, Plaintiff would suffer no such irreparable harm. If Maynard succeeds in reopening her case, the judgment would be vacated and prejudgment interest would be reinstated. In turn, Plaintiff's credit bid, if it is ultimately successful, would increase, and Maynard would potentially be liable for a greater deficiency judgment if she is

---

[3] Considering that Maynard seeks to revisit the merits of this case in an attempt to correct perceived error, the Court finds that the much wider body of case law addressing stays of judgment pending appeal to be analogous in this instance.

*Oriental v. Maynard, et al.*
Case No. 3:17-cv-0051
Order
Page 3 of 3

unsuccessful. Plaintiff's interests are, by virtue of the nature of this action, secured. Thus, the third factor is satiated.

Finally, as to the fourth factor, the Court finds that although the interests of the public are served by a prompt disposition of foreclosure actions, those dispositions should be properly supported. Simply put, where substantial questions of proper service exist, the interests of the public cannot be served by auctioning off the land of Virgin Islanders before those claims can be properly addressed. Especially where Oriental has adequately secured recourse should they prove their entitlement to a judgment of foreclosure.

Finding that these four factors aggregately weigh in favor of granting a stay, it is hereby

**ORDERED** that Maynard's Motion to Stay, ECF No. 57, is **GRANTED.** It is further

**ORDERED** that the foreclosure sale of Parcels Nos. 2Y-11 and 2Y-12A Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, VI, currently scheduled for Thursday October 21, 2021, is **STAYED** until the Court issues its ruling on the pending Motion to Reopen Case, ECF No. 50. And it is further

**ORDERED** that a copy of this Order be served on the United States Marshal Service.

**Dated:** October 20, 2021                    */s/ Robert A. Molloy*
                                               **ROBERT A. MOLLOY**
                                               **Chief Judge**